UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


ANTHONY J. AWREY,

                Plaintiff,

v.                                                Case Number 10-14738-BC
                                                Honorable Thomas L. Ludington

ERIC R. GILBERTSON, MIKE WATSON, and
SAGINAW VALLEY STATE UNIVERSITY,

                Defendants.

_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND
DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE**

Plaintiff Anthony J. Awrey filed a complaint against Defendants Saginaw Valley State University ("SVSU" or "the University"), Eric R. Gilbertson, the University's president, and Mike Watson, the University's athletic director on November 29, 2010. Plaintiff contends that his Fourteenth Amendment right to due process was violated in October 2007 when he was informed he was no longer eligible to play football at SVSU. According to the Defendants, Plaintiff violated National Collegiate Athletic Association ("NCAA") rules when he obtained a below-market rental rate for an apartment located near campus. Plaintiff's NCAA eligibility was reinstated in April 2008, and he continued playing football for a different university. Plaintiff's father, Randy Awrey, who was also SVSU's head football coach, arranged the lease and paid for the apartment. The University also accused Randy Awrey of violating NCAA rules. Following an April 2011 jury trial in Saginaw County Circuit Court, the jurors concluded that the University had not proven that Randy Awrey violated any NCAA rules. *See Awrey v. Gilbertson*, No. 10-14242-BC, 2011 WL 2312175 (E.D. Mich. June 9, 2011).

Plaintiff alleges in his complaint that Defendants violated his constitutional right to due process when they removed him from the football team based on their determination that he had violated NCAA rules. *See* U.S. Const. amend. XIV; 42 U.S.C. § 1983. Plaintiff contends that he has a constitutionally protected property interest in his continued eligibility to play college football. He alleges that SVSU deprived him of his property interest in playing college football without due process. He further alleges that the University deprived him of his liberty interest in his good name and reputation by reporting the alleged NCAA rule violations.

On March 21, 2011, Defendants filed a motion to dismiss Plaintiff's complaint. Defendants contend that the Constitution does not recognize a property interest in continued eligibility for collegiate athletics, that Plaintiff's claims are barred by the statute of limitations, that Plaintiff's complaint does not plead a violation of his liberty interest in his reputation, that Defendants are entitled to Eleventh Amendment immunity, and that to the extent Gilbertson and Watson are named in their individual capacities, they are entitled to qualified immunity. For the reasons explained below, Defendants' motion to dismiss will be granted and Plaintiff's complaint will be dismissed with prejudice.

**I.**

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). The requirement is meant to provide the opposing party with " 'fair notice of what the . . . claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 42, 47 (1957)). If a complaint does not meet that standard, the opposing party may move to dismiss it for failure to state a claim at any time before filing an answer. Fed. R. Civ. P.

12(b)(6).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above a speculative level, on the assumption that all the allegations in the complaint are true . . . ." Id. at 555–56 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570)). "Facial plausibility" requires the plaintiff to include sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## II.

The Due Process Clause of the Fourteenth Amendment provides that a person may not be deprived of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV. "Procedural due process generally requires that the state provide a person with notice and an opportunity to be heard before depriving that person of a property or liberty interest." *Warren v. City of Athens*, 411 F.3d 697, 708 (6th Cir. 2005). To prevail on his due process claims, Plaintiff must demonstrate that he possessed a constitutionally-protected property or liberty interest and that he was deprived of those interests without due process. *See, e.g.*, *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006).

### A.

The Constitution does not create or define the property interests it protects.  *Thomas v. Cohen*, 304 F.3d 563, 576 (6th Cir. 2002).  Rather, whether a plaintiff holds a protected property interest depends on "existing rules or on understandings that stem from an independent source, such as state law. . . ."  *Seguin v. City of Sterling Heights*, 968 F.2d 584, 590 (6th Cir. 1992) (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)).  Generally, to create a constitutionally-protected interest, a person must have a "legitimate claim of entitlement."  *Roth*, 408 U.S. at 577.  "A property interest can be created by a state statute, a formal contract, or a contract implied from the circumstances."  *Ludwig v. Bd. of Trustees of Ferris State Univ.*, 123 F.3d 404, 409 (6th Cir. 1997) (citations omitted).

Plaintiff contends that he was deprived of a constitutionally protected property interest in playing college football when he was declared ineligible on October 13, 2007.  Notably, Plaintiff's eligibility was restored in April of 2008.  He missed, at most, four football games and less than one month of the season as a result of Defendants' decision.[1]  He does not contend that his scholarship status was affected by the decision or that he was deprived of any right to continue his education.  The only alleged property right he identifies is his right to play football.

Defendants respond that the Sixth Circuit does not recognize a constitutionally protected property interest in continued participation in intercollegiate athletics.  *See Karmanos v. Baker*, 617 F. Supp. 809, 815 (E.D. Mich. 1985), *aff'd* 816 F.2d 258 (6th Cir. 1987).  Indeed, in *Karmamos*, the plaintiffs admitted on appeal that there is no constitutionally protected property interest in participating in collegiate athletics.  816 F.2d at 260 (citing *Graham v. NCAA*, 804 F.2d 953, 959

---

[1] *See* http://gliac.prestosports.com/sports/fball/2007-08/stats/sv.htm#tgbg.res.

n.2 (6th Cir. 1986); *Hamilton v. Tennessee Secondary Sch. Athletic Ass'n*, 552 F.2d 681, 682 (6th Cir. 1976); *Jones v. Wichita State Univ.*, 698 F.2d 1082, 1086 (10th Cir. 1983); *Parish v. NCAA*, 506 F.2d 1028, 1034 (5th Cir. 1975)); *see also Brindisi v. Regano*, 20 F. App'x 508, 510 (2001) (concluding plaintiff did not have a constitutionally protected interest in participating in her high school's cheerleading squad.).

Plaintiff admits that Sixth Circuit precedent suggests that there is no constitutionally protected property interest in a student athlete's continued participation in athletics. He contends, however, that because he was participating in a college football program, as opposed to the high school program, he was attending the University on a scholarship, and he was required to abide by the University's policies and the NCAA's rules, his interest in playing football is elevated to a constitutionally protected interest. He emphasizes that he signed a national letter of intent, committing to play football for SVSU, and that the University committed, in return, to providing Plaintiff an opportunity to participate in the football program. Notwithstanding his arguments, Plaintiff does not identify any legal authority from any jurisdiction supporting the proposition that a student athlete's interest in participating in collegiate athletics is a constitutionally protected property interest.

Although it is possible that Plaintiff had a property interest in his continued relationship with the University, particularly in light of the letter of intent and scholarship agreement, his property interest claim will be dismissed because he has not demonstrated that the Constitution protects his interest in playing college football, standing alone. First, the University's decision deprived him of only a partial season of eligibility. His eligibility was restored in 2008 before the start of the next season. Second, while the letter of intent may furnish some suggestion of an implied contract, *see*

*Ludwig*, 123 F.3d at 409, the University promised Plaintiff a scholarship and an education in exchange for his participation in the football program. The University did not promise that he would be permitted to play football, practice with the team, or play in the games.

Notably, Plaintiff does not allege that his scholarship was revoked, or that the University interfered with his efforts to attain an education. The interest Plaintiff had in playing football at SVSU for the final month of the 2007 season, while undoubtedly important to him, is simply not the type of property interest the Due Process Clause was intended to protect. Plaintiff did not have a "legitimate claim of entitlement" to playing football at SVSU. *Roth*, 408 U.S. at 577.

Moreover, even if Plaintiff's interest in finishing the 2007 football season was a property interest protected by the Due Process clause, the claim still must be dismissed. First, the claim is barred by the applicable statute of limitations because Plaintiff was informed of his ineligibility by the University on October 13, 2007, and he did not file his complaint until more than three years later on November 29, 2010. *See McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988) (concluding the applicable statute of limitations in § 1983 cases is the state's statute of limitations in personal injury actions); Mich. Comp. Laws § 600.5805(10) (Michigan's three-year statute of limitations for personal injury actions). Second, to the extent Plaintiff is asserting a claim against the University and its officials in their official capacity, the claims are barred by Eleventh Amendment immunity. *See, e.g.*, *Hall v. Med. Coll. of Ohio*, 742 F.2d 299, 301 (6th Cir. 1984). Third, to the extent plaintiff has sued Gilbertson and Watson in their individual capacities, they are entitled to qualified immunity because any constitutional right they conceivably violated was not "clearly established" at the time. *See Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

**B.**

Plaintiff also contends that his liberty interest in his good name and reputation was violated by the University's publication of a self-report of rule violations.  "A person's good name, reputation, honor, and integrity are among the liberty interests protected by the Due Process Clause of the Fourteenth Amendment."  *Manning v. City of Hazel Park*, 509 N.W.2d 874, 879 (Mich. Ct. App. 1993) (citing *Roth*, 408 U.S. at 573); *see also Burkhart v. Randles*, 764 F.2d 1196, 1201 (6th Cir. 1985) (concluding that a person's liberty interest in her "reputation and good name" are "well established").  *Manning*, 509 N.W.2d at 879.  To establish a liberty interest claim, a Plaintiff must demonstrate:

> First, the stigmatizing statements must be made in conjunction with the plaintiff's termination from employment.  Second, a plaintiff is not deprived of his liberty interest when the employer has alleged merely improper or inadequate performance, incompetence, neglect of duty or malfeasance . . . Third, the stigmatizing statements or charges must be made public.  Fourth, the plaintiff must claim that the charges made against him were false.  [Fifth], the public dissemination must have been voluntary.

*Ludwig v. Bd. of Trs. of Ferris State Univ.*, 123 F.3d 404, 410 (6th Cir. 1997) (citations omitted).

"If the above requirements are met, the [aggrieved person] is entitled to notice and an opportunity to be heard through a name-clearing hearing, when plaintiff has made a request for such a hearing."  *Id.* (citations omitted).  "It is the denial of the name-clearing hearing that causes the deprivation of the liberty interest without due process."  *Quinn v. Shirey*, 293 F.3d 315, 320 (6th Cir. 2002) (citing *Brown v. City of Niota*, 214 F.3d 718, 723 (6th Cir. 2000)).

Here, even if Plaintiff can establish the five elements of a liberty interest claim under *Ludwig*, 123 F.3d at 410, the liberty interest claim must still be dismissed because he did not plead, and apparently cannot prove, that he requested and was denied a name-clearing hearing.  *See Quinn*, 293 F.3d at 320 (" 'In order to succeed on his liberty interest claim, [the plaintiff] must also prove

that [the defendant] improperly refused to grant him a post-removal opportunity to refute the false charges that led to his removal . . . .' " (quoting *Baden v. Koch*, 799 F.2d 825, 830 (2d Cir. 1986) (alterations in original)). Plaintiff has never asked the University or its officials for a name clearing hearing. The University and its officials have never denied a request for a hearing. Accordingly, Plaintiff has not stated a Due Process claim for deprivation of his liberty interest in his reputation.

Moreover, the same immunity issues that prohibit his property interest claim are applicable here as well. The University and its officials, in their official capacity, are entitled to Eleventh Amendment immunity. *See, e.g.*, *Hall*, 742 F.2d at 301. To the extent the officials have been sued in their individual capacities, they are entitled to qualified immunity. *See Anderson*, 483 U.S. at 640.

### III.

Accordingly, it is **ORDERED** that Defendants' motion to dismiss [Dkt. # 5] is **GRANTED**.

It is further **ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 30, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 30, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS

---

-8-